

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 1, 1977

The Honorable Tom Curtis
District Attorney
47th Judicial District
Amarillo, Texas

Opinion No. H-1006

Re: Representation of the
state in county court when
the county attorney is dis-
qualified.

Dear Mr. Curtis:

You have requested our opinion regarding the procedure
to be followed when the judge of a county court at law has
disqualified himself in a pending case and the county attor-
ney is disqualified from participating in the selection of a
special judge.

Article 30.03 of the Code of Criminal Procedure provides,
in section 1:

> When the judge of the county court or
> county court at law, or of any county
> criminal court, is disqualified in any
> criminal case pending in the court of
> which he is judge, the parties may by
> consent agree upon a special judge to
> try such case. If they fail to agree
> upon a special judge to try such case,
> on or before the third day of the term
> at which such case may be called for
> trial, the practicing attorneys of the
> court present may elect from among
> their number a special judge who shall
> try the case. The election of the spec-
> ial judge shall be conducted in accor-
> dance with the provisions of Article
> 1887, et seq., V.A.C.S.

In the present instance, one of the parties is the county
attorney, who is himself disqualified from participating in
the case. Article 2.07(a) of the Code of Criminal Procedure
states that,

> Whenever an attorney for the state is
> disqualified to act in any case or pro-
> ceeding . . . the judge of the court in
> which he represents the state may ap-
> point any competent attorney to perform
> the duties of the office during the . . .
> disqualification of the attorney for
> the state.

Although article 2.02 requires the county attorney to repre-
sent the state in the absence of the district attorney, no
statute authorizes the district attorney to do so in the
county attorney's absence.

The procedure described in section 1 of article 30.03
for selecting a special judge is, however, permissive only,
and it is not the exclusive method prescribed. Section 2 of
that statute provides:

> In the event a county judge or the regu-
> lar judge of a county court at law created
> in a county is absent, or is for any cause
> disabled from presiding, a special judge,
> who is an attorney, may be appointed by
> the commissioners court of the county.

Clearly, a regular judge who has disqualified himself from
presiding in a particular case is "for any cause disabled
from presiding" under the terms of section 2. Since the pro-
visions of section 1 are not operable because of the dis-
qualification of the county attorney, we believe that section
2 states the appropriate method for selecting the special
judge. In our opinion, therefore, the commissioners court
of the county should appoint "a special judge who is an
attorney" to preside while the regular judge is disqualified.
Under the terms of article 2.07(a), such special judge should
then "appoint any competent attorney to perform the duties of
the office" of county attorney during the pendency of the
trial.

### S U M M A R Y

> When the judge of a county court at law
> has disqualified himself from presiding
> in a misdemeanor case, and the county
> attorney is himself disqualified from

The Honorable Tom Curtis - page 3  (H-1006)

participating in the selection of a special judge, the county commissioners court should appoint a special judge to hear the case.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml